UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVELYN CASTILLO, on behalf of herself and all others similarly situated,<br><br>     Plaintiffs,<br><br>   -v-<br><br>LYRIC THEATRE OF NEW YORK, INC. d/b/a LYRIC THEATRE,<br><br>     Defendant. | Civil Action No. 1:18-cv-07943 |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

                      **LITTLER MENDELSON, P.C.**

                      Lisa M. Griffith
                      Daniella E. Adler
                      900 Third Avenue
                      New York, NY 10022
                      212-583-9600

                      *Attorneys for Defendant*

Defendant Lyric Theatre of New York, Inc. d/b/a Lyric Theatre ("Defendant"), by and through its counsel Littler Mendelson, P.C., submit this memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiff Evelyn Castillo, on behalf of herself and all others similarly situated, on August 30, 2018.

## I.   PRELIMINARY STATEMENT

The substance of Plaintiff's allegations is as follows: Plaintiff, an individual with diabetes, wanted to see a Broadway show located at Defendant's theatre. (*See* Complaint at 1-2, ¶ 3; 5, ¶ 12, ECF Dkt 1 ("Compl.").)  She has severe restrictions on what and when she can eat. (Compl. at 8 ¶ 19-21.)  She read on the FAQs page on Defendant's website that outside food is not allowed inside the theatre. (Compl. at 5 ¶ 12.) She then filed this lawsuit claiming Defendant violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, as well as similar state and city laws,[1] and demands declaratory relief. (Compl. at 2-27.)

Plaintiff's ADA claim is fatally flawed and should be dismissed for failing to state a claim under Title III of the ADA. Plaintiff does not allege that she notified Defendant of her disability. Plaintiff does not allege that she asked Defendant for a reasonable modification to the no-outside-food policy. Plaintiff does not allege that Defendant otherwise knew of her disability and refused to accommodate her. Her allegation that it would be "futile" to ask Defendant for a modification is unsupported and conclusory. (*See* Compl. at 13, ¶ 45.) These deficiencies are fatal to Plaintiff's claims.

Therefore, Defendant respectfully requests that this Court dismiss with prejudice Plaintiff's ADA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly,

---

[1] Plaintiff also alleges that Defendant violated the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296 *et seq.*, the New York State Civil Rights Law ("NYSCRL"), C.L.S. Civ. R. §§ 40 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-102, *et seq.*

Defendant also respectfully requests that this Court dismiss her NYSHRL and NYCHRL claims on the same basis or, in the alternative, decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).

## II.  STATEMENT OF FACTS[2]

Defendant is a Broadway theatre located in New York, NY that hosts plays for the enjoyment of the general public. Defendant owns and manages a website, www.lyricbroadway.com ("Lyric Website"),[3] which provides information about the theatre and its current production, *Harry Potter and the Cursed Child*, to potential and actual customers (*See* Compl. at 5, ¶ 12.). Defendant's website provides information about policies that apply to the theatre. For example, the "Guest Code of Conduct" page on the website lists "Prohibited Items," which includes "Firearms," "Weapons," Large luggage" and "Outside food and beverage."

Defendant's website also provides users with contact information which potential customers may use to ask accessibility-related questions:

- On the website's main page, linked in a dropdown menu under the heading "Plan Your Visit," is a page with information about "Accessibility" listing a phone number for "any questions about your accessible seats."

- Also on the website's main page is a "Contact Us" page listing an address and a phone number to find out more from Ticketmaster.

---

[2] For purposes of this motion to dismiss only, Defendant assumes the truth of Plaintiff's allegations in the Complaint.  However, Defendant denies the truth of the allegations and reserves the right to contest the allegations in the Complaint.

[3] The Court may take judicial notice of the contents of a party's website. *See e.g. Volpe v. American Lang. Commc'n Ctr., Inc.,* 200 F. Supp. 3d 428, 431 (S.D.N.Y. 2016), *aff'd,* 692 F. App'x 51 (2d Cir. 2017), *Finn v. Barney,* 471 F. App'x 30, 32 (2d Cir. 2012), *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC,* 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015).

Defendant's website contains a link to a website, www.harrypottertheplay.com ("Harry Potter Website"), with information about the play.

- The "Questions" link at the top of the Harry Potter Website lists questions, including questions about accessibility, and contains a phone number to call "[i]f you have any questions regarding accessible seating."

Defendant's website also contains a link on the bottom left of the footer entitled "Company Information," which links users to www.atg.co.uk ("ATG Website"), a site of the Defendant's parent company, Ambassador Theatre Group. The ATG Website also provides users with information about accessibility:

- A page called "Learning and Community," accessed from the menu at the top of the main page, contains a paragraph under the header "Access," which states:

    > The title 'Access' refers to everything ATG does to enable everyone who needs support because of a disability or health condition, to come to our theatres and have the best experience possible. If you have additional or Access requirements of any sort, there is likely to be something we provide that will improve your experience. The ATG Access Membership Scheme offers a range of benefits.

- The following paragraph, called "Who can use our Access services?" states:

    > Anyone who needs support because of a disability or health condition can use our Access services. Please call our dedicated Access team on 0800 912 6971, or our typetalk number on 18001 0800 912 6971, or contact our theatres directly, asking for their Access Champion where a member of our dedicated Access team will be able to assist you.

Plaintiff does not allege that she attempted to contact Defendant by any method to request a reasonable modification to Defendant's no-outside-food policy. Rather, Plaintiff merely alleges that she read the "no outside food policy" and filed the lawsuit. (*See* Compl. ¶ 43).

3

**III.     LEGAL STANDARD**

To survive a motion to dismiss, a claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539, 543–44 (E.D.N.Y. 2018). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are not more than conclusions are not entitled to the assumption of truth." *Twombly,* 550 U.S. at 678-79.

To state a claim for violation of Title III of the ADA, Plaintiff must plead that (a) she is disabled within the meaning of the ADA, (b) that Defendant own, lease, or operate a place of public accommodation, and (c) that Defendant discriminated against the Plaintiff within the meaning of the ADA." *Krist v. Kolombos Rest. Inc.,* 688 F.3d 89, 94–95 (2d Cir. 2012) (citing *Roberts v. Royal Atlantic Corp.,* 542 F.3d 363, 368 (2d Cir.2008), *cert. denied,* 556 U.S. 1104 (2009)). The statute provides five categories of acts which constitute discrimination, only one of which is pertinent here: A place of public accommodation discriminates against an individual with a disability under Title III of the ADA if it fails "to make reasonable modifications in policies, practices, or procedures . . . unless the [place of public accommodation] can demonstrate that making such modifications would fundamentally alter the nature of such . . . services." 42 U.S.C. § 12182(b)(2)(A)(ii); *see Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 208 (S.D.N.Y. 2016).  As explained below, Plaintiff has failed to satisfy the pleading requirements on which to base her claim that Defendant discriminated against her in this way (or any other manner protected by Title III of the ADA). Therefore, her claim should be dismissed.

## IV.    ARGUMENT

### A.    Plaintiff Does Not State a Claim Because Defendant Did Not Know that Plaintiff Has a Disability.

Before a place of public accommodation has an obligation to consider modifying a policy to accommodate an individual's disability, it first must have known of the alleged disability and why a modification may be required. *See Shaywitz v. American Bd. of Psychiatry & Neurology,* 848 F. Supp. 2d 460, 466 (S.D.N.Y. 2012) ("Although courts in the Second Circuit do not always explicitly list notice of the alleged disability as an element of a Title III failure to accommodate claim, it is an assumed prerequisite.") (citing *Bartlett v. N.Y. State Bd. of Law Examiners*, 226 F.3d 69, 86 (2d Cir. 2000))[4]**;** *Falchenberg v. N.Y. State Dep't of Educ.,* 642 F. Supp. 2d 156, 162 (S.D.N.Y.2008) (listing notice as an element of prima facie Title III case).[5]

Plaintiff fails to allege that Defendant knew that Plaintiff was disabled. In fact, Plaintiff fails to allege that Defendant had any knowledge about Plaintiff before she filed this lawsuit. For that reason alone, Plaintiff fails to state a claim.

---

[4] *See also McBride v. BIC Consumer Prods. Mfg. Co.,* 583 F.3d 92, 97 (2d Cir.2009) (in employment discrimination case, listing notice as required element of failure to accommodate claim); 1 Matthew Bender ADA: Public Accommodations § 3.02 (2018) ("Before a public accommodation must make a modification to accommodate an individual with a disability, however, the public accommodation must first know about the person's disability and a modification must have been requested."); *cf. Yennard v. Herkimer BOCES,* 241 F. Supp. 3d 346, 363 (N.D.N.Y. 2017) (concluding that plaintiff's alleging that (a) she disclosed her disability on forms submitted to her educational program, (b) her admission was premised on her ability to obtain counseling for her disability, and (c) defendant had agreed to provide plaintiff with reasonable accommodations, were sufficient to properly allege that defendant knew of her disability); *accord Frilando v. Bordentown Driver Training Sch., LLC,* No. 2:15-CV-02917-KM-JBC, 2017 WL 3191512, at *10 (D.N.J. July 27, 2017) ("Of course [defendant] could consider [plaintiff's] personal circumstances only to the extent that he revealed them.").

[5] Title II of the ADA, governing discrimination in employment, likewise imposes the requirement that a defendant know of a plaintiff's disability to state a claim. *See Sheng v. M & T Bank Corp.,* 848 F.3d 78, 86 (2d Cir. 2017) ("Discrimination in violation of the ADA includes, *inter alia,* not making reasonable accommodations to the <u>known</u> physical or mental limitations of an otherwise qualified individual with a disability.") (*internal citations and quotations omitted*) (*emphasis added*).

### B. Plaintiff Fails to State a Claim Under Title III of the ADA Because Plaintiff Did Not Request a Reasonable Modification to Defendant's Policy.

Even if Defendant were aware of Plaintiff's diabetes, that knowledge alone does not put Defendant on notice that Plaintiff may need a reasonable modification of Defendant's policy. *See Shaywitz,* 848 F. Supp. 2d at 467 (upholding the dismissal of a Title III public accommodations claim where plaintiff failed to alert the examination administrator of the need for an accommodation); *see also Levesque v. CVPH Med. Ctr.,* No. 9:12-cv-960, 2014 WL 1269383, at *4 (N.D.N.Y. Mar. 26, 2014) (holding that to state a claim under Title III, "plaintiff must demonstrate that an accommodation has been requested and was reasonable.") (internal citations and quotations omitted); *Bordentown,* 2017 WL 3191512, at *10 ("A defendant is not liable for failure to provide reasonable accommodations under the ADA if the plaintiff does not provide information needed to assess the request for an accommodation."); *Dai-Yeng Leng v. South. Conn. State Univ.,* No. 15-cv-6053581S, 2017 WL 951961, at *8 (Conn. Super. Ct. Jan. 18, 2017) (dismissing Rehabilitation Act claim because "awareness that the plaintiff suffered from schizoaffective disorder and knowledge that he needed certain accommodations because of this condition are two distinct concepts, a distinction more striking in lieu of the absence of evidence that the plaintiff informed the defendant of any . . . need.").

Title III's requirement that private entities make "reasonable modifications" to their policies for disabled individuals would be rendered meaningless if a public accommodations entity had no basis for knowing (1) that modifications to a policy may be required for a person with a disability, (2) what modifications the individual with a disability seeks; and (3) whether those modifications were reasonable. *See Shaywitz* 848 F. Supp. 2d at 467; *accord Dudley v. Hannaford Bros. Co.,* 333 F.3d 299, 309 (1st Cir. 2003) ("The operative provision, 42 U.S.C. § 12182(b)(2)(A)(ii), requires a person with a disability to request a reasonable and necessary

6

modification, thereby informing the operator of a public accommodation about the disability."). Title III of the ADA requires that "an individualized inquiry . . . be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances." *See Wright v. N.Y. State Dept. of Corrections,* 831 D.3d 64 *68, *77 (2d. Cir. 2016) (citing *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 688 (2001)).  Such an inquiry cannot be made without a request from the individual with a disability.

Plaintiff does not allege that she requested an exception to Defendant's policy so that she could bring her own food into Defendant's theatre.  Her failure to request a reasonable modification of Defendant's policy must be fatal to Plaintiff's claim. Any other interpretation—such as one requiring places of public accommodation to anticipate every possible disability and prophylactically change policies to accommodate them—would be facially absurd. *See Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.").

Furthermore, since Plaintiff did not allege that she requested a modification to Defendant's policy, her claim also fails because she did not allege that her request was reasonable, a separate and necessary element of an ADA Title III claim. *See Ibrahim v. Pena,* No. 16-cv-7774 (VEC), 2017 WL 3601246, at *3 (S.D.N.Y. Aug. 21, 2017) (dismissing plaintiffs claim because she "alleged no facts tending to show that her requested accommodation is reasonable; she alleges only that she requested an accommodation . . . and that [defendant] refused.").

### C.  Plaintiff Fails to Allege with Sufficient Specificity Why Notifying Defendant of her Disability and Requested Accommodations Notice Was Futile.

Title III of the ADA does not "require a person with a disability to engage in a futile gesture" as long as that person "has actual notice" that a place of public accommodation "does not intend to comply" with the law. *See* 42 U.S.C. § 12188. Plaintiff fails to allege any facts to support her conclusory statement that her attempt to attend a production at Defendant's theatre would be futile. Instead, Plaintiff simply alleges, *ipse dixit*, that she "understood Defendant's discriminatory policy and knew that such an attempt would be futile."[6] *See* Compl. at ¶ 45. Plaintiff never alleges that Defendant "does not intend to comply" with the ADA, nor does she allege any facts supporting such a belief.

Plaintiff's allegation of futility is not only conclusory; it directly contradicted by the information provided on Defendant's website that Plaintiff alleges to have accessed.[7] Defendant's website contains a dropdown menu entitled "Plan Your Visit" with a link to an "Accessibility" webpage. Defendant's website also provides several methods for potential customers to contact Defendant, and the website of Defendant's parent company contains an accessibility statement and an additional number to call for assistance. Providing such information demonstrates Defendant's intent to comply with the ADA. Plaintiff does not allege that attempting to attend an event at Defendant's theatre and asking for a reasonable

---

[6] In the context of physical barriers to entry, whether attempting to access a place of public accommodation constitutes a "futile gesture" may be established by having "actual knowledge" of the physical barrier. *See Access 4 All, Inc. v. G & T Consulting Co., LLC,* No. 06-cv-13736 (DF), 2008 WL 851918, at *4 (S.D.N.Y. Mar. 28, 2008) (holding that plaintiffs must prove actual knowledge of physical barriers and show that they would visit the building at issue in the near future but for those barriers). This jurisprudence stems from the fact that physical barriers are difficult to remedy. This analysis is illogical in a situation such as this, where Plaintiff has never attempted to access the theatre physically, and the remedy—allowing Plaintiff to bring her food into the theatre—can be implemented immediately.

[7] Plaintiff alludes to the FAQs page of Defendant's website in an "Exhibit A," but appears not to have attached any such exhibit to her Complaint. *See, e.g.,* Compl. at ¶ 1, 22, 41, 43.

8

accommodation would be futile. Plaintiff does not allege that any barriers prevent her from communicating her desired accommodation and at once entering the theatre. Therefore, Plaintiff's threadbare recitation of futility must be ignored for purposes of this motion to dismiss. *See Twombly,* 550 U.S. at 678-79.

> **D.** **The Court Should Dismiss Plaintiff's New York State and City Law Claims or, In the Alternative. the Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims**

As demonstrated above, Plaintiff has failed to state a discrimination claim under Title III of the ADA. The language of the New York State Human Rights Law and New York City Human Rights Law mirrors the ADA, and thus, are subject to similar requirements. N.Y. Exec.§ 296 2.(c)(i) (prohibiting the "refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities . . . ); N.Y.C. Admin Code § 8-107.4 (prohibiting for any "place or provider of public accommodation" to "directly or indirectly . . . refuse, withhold from or deny" an individual with a 'disability" the "accommodations, advantages, facilities, or privileges thereof." Thus, for the same reasons as described above, Plaintiff's state and city law claims should also be dismissed.

In the alternative, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). *See Phillips v. 180 Bklyn Livingston, LLC,* No. 17-cv-00325 (BMC), 2017 WL 2178430, at *1 (E.D.N.Y. May 17, 2017) (declining supplemental jurisdiction over remaining state and city causes of action after dismissing ADA public accommodations claim); *see also Lambert v. Trump Int'l Hotel & Tower,* 304 F. Supp. 3d 405, 428 (S.D.N.Y. 2018), *appeal dismissed* (June 13, 2018) (declining to exercise supplemental jurisdiction over state and city disability employment discrimination claims brought in a federal forum solely because of their relation to an ADA claim).

## V. CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Dated: December 19, 2018                    LITTLER MENDELSON, P.C.

By: _/s/ Lisa M. Griffith_
Lisa M. Griffith, Esq.
Daniella Adler, Esq.
900 Third Avenue
New York, NY 10022
212.583.9600

*Attorneys for Defendant*